UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT W.G. CLANTON,

        Plaintiff,                                      Hon. Robert J. Jonker

v.                                                   Case No. 1:21-cv-53

SAM'S CLUB, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 19, 2021, Plaintiff Herbert Clanton filed a complaint against Sam's Club and Wal-Mart, purporting to allege claims arising out his employment with one or both Defendants and seeking at least tens of millions of dollars in damages. (ECF No. 1.) In support of his claims, Clanton cites Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. (*Id.* at PageID.1, 2, and 6.) He alleges claims of libel, slander, wrongful discharge, and employment discrimination.[1]

---

[1] Clanton also included the Michigan Department of Civil Rights (MDCR) as a "Party of Interest" in his complaint. It is unclear why he included the MDCR, other than possibly to establish that he exhausted his administrative remedies and obtained a right to sue letter for purposes of his Title VII claim. In any event, Clanton has no cause of action against the MDCR for denying his administrative complaint. *See Milhous v. EEOC*, No. 97-5242, 1998 WL 152784, at *1 (6th Cir. Mar. 24, 1998) ("[P]laintiff simply does not have a cause of action under Title VII against the EEOC to challenge the processing of her discrimination complaint.") (citing, among others, *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991) (noting that courts have uniformly rejected the notion that a plaintiff has a cause of action against the Equal Employment Opportunity Commission for challenges to the processing of an administrative claim)).

On March 16, 2021, Clanton filed a motion for entry of default judgment against Defendants. (ECF No. 10.) Defendants responded to the motion, noting that the Court could not enter a default judgment because Clanton had failed to properly serve Defendants with the summons and complaint. (ECF No. 13.) On April 12, 2021, I entered an Order denying Clanton's motion for entry of default judgment on the ground that Clanton had not yet filed an application for entry of default. Thus, the motion for default judgment was premature. (ECF No. 16 at PageID.99.) I also concluded that Clanton had not properly served Defendants under both Federal Rule of Civil Procedure 4(h)(1)(B) and under Michigan Court Rule 2.105(D). (*Id.* at PageID.100–01.) Finally, I found that Clanton's service was also improper because he sent the summons and complaint to the Littler Mendelson law firm's Kansas City Global Services Center, which was not acting as Defendants' agent for service, and not to Defendants. (*Id.* at PageID.101–02.)

Presently before me is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 8, 12(b)(5), and 12(b)(6). (ECF No. 17.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and dismiss the complaint with prejudice.[2]

### I. The Complaint

In spite of its length—24 pages—the complaint sets forth scant facts, consisting almost entirely of incomprehensible statements and legal conclusions. Nonetheless, for purposes of the instant motion, it is possible to glean some background from Clanton's statements and the right-to-sue letter he attaches to the complaint.

---

[2] Although Defendants have requested oral argument, I find that oral argument is unnecessary as Defendants' brief adequately develops the issues.

Clanton was employed by Wal-Mart or Sam's Club. His employment was terminated due to "allegations of insubordination," "[n]oncongeni[ality]," and "improper conduct(s)." (*Id.* at PageID.5.) Clanton alleges that the termination was unfounded, as he had always been "timely and prompt when reporting to work," and had "timely and effectively discharge[d] his assigned duties." (*Id.* at PageID.4.) However, Clanton claims that he was never "informed of the reasons for his termination from employment," that he was never "given a chance to be heard, on charges directed against him, and charges of insubordination emerging thereof," that he was never "given a chance to . . . confront persons making accusations directed against him," and that he was not "afforded the same treatment as other employees." (*Id.* at PageID.5.)

## II.  Discussion

### A.  Failure to State a Claim

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement

to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

In addition, a complaint must be dismissed if it fails to meet Rule 8(a)(2)'s requirement that it set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *2 (D.R.I. 2009) (quoting *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). The rules require a short and plain statement of the claim because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.* (quoting *Laurence v. Wall*, No. CA 07-081, 2007 WL 1875794, at *1 (D.R.I. June 27, 2007)).

In this case, notwithstanding the labels he provides for his claims, Clanton fails to meet the bare minimum pleading requirement that he set forth facts showing more than a mere possibility that Defendants acted unlawfully and that Clanton is entitled to relief. Although Clanton has provided some basic facts, much of his complaint is what many courts have described as "legalistic gibberish." *Crain v. Commissioner*, 737 F.2d 1417, 1418 (5th Cir. 1984) (per curiam).

Even if the complaint could be deemed to meet Rule 8(a)'s requirements, it fails to allege a viable claim. Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than is usually the case for formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently,

"[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

First, to the extent Clanton seeks to allege a claim under 42 U.S.C. § 1983 that Defendants violated his First, Fifth, and/or Fourteenth Amendment rights, his claim must be dismissed. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because neither Defendant is a "state actor," and Clanton fails to allege any fact indicating that they could be considered state actors under any theory recognized by the Supreme Court, *see Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (describing: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test), he cannot assert a claim under Section 1983. *See Hunt v. Walmart Store, Inc.*, No. 17-14095, 2020 WL 7294363, at *5 (E.D. Mich. Mar. 5, 2020) ("As a threshold matter, the claims brought under § 1983 against the Walmart Defendants fail because they are not 'state actors.'"); *Wilkins v. Sam's East, Inc.*, No. 08-2507, 2009 WL 10699876, at *3 (W.D. Tenn. July 13, 2009) (dismissing the plaintiff's Section 1983 claim against Sam's Club because it did not qualify as a state actor). Second, although a plaintiff may maintain claims under 42 U.S.C. §§ 1981, 1985, and 1986 against private parties, *see Arendale v. City of Memphis*, 519 F.3d 587, 594 (6th Cir. 2008) (noting that the Supreme Court held in *Runyon v. McCrary*, 427 U.S. 160 (1976), that private defendants may be held liable under Section 1981); *Taylor v. Brighton Corp.*, 616 F.2d 256, 264 (6th Cir. 1980) (noting that Section

5

1985(3) "reaches private conspiracies that are aimed at invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law"); *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (noting that state action is not a requirement in a claim under 42 U.S.C. § 1986), Clanton fails to allege any fact supporting claims under those statutes. Third, Clanton fails to allege a discrimination claim under Title VII as nothing in his complaint suggests that he was terminated based on his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Similarly, Clanton fails to allege any fact suggesting that he suffered age discrimination in violation of the ADEA.

Finally, I recommend that Clanton's state-law claims for libel, slander, and wrongful discharge be dismissed because they are nothing more than labels and conclusions without supporting facts. As such, they do not establish a claim for relief. Clanton does not allege the basis for jurisdiction over his state-law claims, *i.e.*, diversity or supplemental jurisdiction. Although state-law claims brought pursuant to supplemental jurisdiction generally should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) when all of the federal claims are dismissed, *see Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."), because these claims are so facially inadequate, if they are deemed to be asserted under supplemental jurisdiction, I recommend that the Court exercise its discretion to entertain them and dismiss them for failure to state a claim.

Accordingly, I recommend that the Court grant Defendants' Rule 12(b)(6) motion and dismiss the complaint.

### B. Improper Service

Defendants also move for dismissal because Clanton has not properly served them. Clanton bears the burden of proof to show that the summons and complaint were properly served on Defendants. *See Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). As set forth in the April 12, 2021 Order (ECF No. 16), Defendants are correct that they have not been properly served with the summons and complaint.

A court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341, 342–43 (W.D. Tenn. 2004) (stating that "[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). The Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. "[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952). Here, the appropriate remedy would be to treat the motion to dismiss as a motion to quash and afford Clanton another opportunity to attempt valid service. However, if the Court adopts the above recommendation to dismiss the complaint pursuant to Rule 12(b)(6), the service of process issue will be moot.

### III. Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendants' motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 17) and **dismiss** the action.

Dated: July 6, 2021

      /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).